**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **MEGAN H.,**[1] | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **No. 25 C 04792** |
| **v.** | ) | |
| | ) | **Magistrate Judge Laura K. McNally** |
| **FRANK BISIGNANO,** | ) | |
| **Commissioner of** | ) | |
| **Social Security,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**ORDER**[2]

Before the Court are Plaintiff Megan H.'s brief in support of reversing or remanding the Administrative Law Judge's ("ALJ") decision denying her disability benefits application (Dkt. 15: Pl. Br. in Supp. Of Mot. for Summ. J, "Pl. Br."), Defendant's memorandum in support of his motion for summary judgment (Dkt. 19: Def. Mem. in Supp. of Mot. for Summ. J., "Def. Mem."), and Plaintiff's reply (Dkt. 20: Pl. Reply to Def. Mem.).

## I. Procedural History

[1] The Court in this order is referring to Plaintiff by her first name and first initial of her last name in compliance with Internal Operating Procedure No. 22 of this Court.
[2] On May 12, 2025, by consent of the parties and pursuant to 28 U.S.C. § 636(c) and Local Rule 73.1, this case was reassigned to the magistrate judge for all proceedings, including entry of final judgment. (Dkt. 9.)

Plaintiff applied for supplemental security income and on October 31, 2021, alleging disability beginning on January 1, 2020. (R. 160-66.) Plaintiff's claim was denied initially on April 15, 2022 and upon reconsideration on December 6, 2022. (R. 82, 95.) Plaintiff appeared with counsel at a telephonic hearing on September 19, 2023. (R. 40-71.) On November 3, 2023, ALJ Lee Lewin issued a written decision denying Plaintiff's applications and finding her not disabled.[3] (R. 17-34.) This appeal followed. After considering the briefs and evidence, the Court grants Plaintiff's motion for remand and denies Defendant's motion for summary judgment.

## II. The ALJ Decision

The ALJ applied the Social Security Administration's five-step sequential evaluation process to Plaintiff's claims. At Step One, the ALJ found that the Plaintiff had not engaged in substantial gainful activity since her application date (R. 19.) At Step Two, the ALJ determined that Plaintiff had the severe impairments of degenerative joint disease of the left knee, migraines, generalized anxiety disorder, post-traumatic stress disorder (PTSD), and a sleep impairment. *Id.*

At Step Three, the ALJ found that Plaintiff's impairments did not meet or medically equal a statutory Listing. *Id.* Because Plaintiff had mental impairments, the ALJ undertook the Paragraph B analysis, finding that Plaintiff had mild limitations in

[3] The Appeals Council subsequently denied review of the ALJ's decision (R. 1-6), making the ALJ's decision the final decision of the Commissioner. *Bertaud v. O'Malley*, 88 F.4th 1242, 1244 (7th Cir. 2023).

understanding, remembering, or applying information, in interacting with others, and with adapting and managing oneself. (R. 21-22.) The ALJ found Plaintiff had a moderate limitation in concentrating, persisting, and maintaining pace. *Id.*

Before Step Four, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to perform medium work, except "she must avoid concentrated exposure to loud noise environments, intense bright lights including bright sunlight, vibrations, and pulmonary irritants. She can understand, remember, and carry out simple instructions with sufficient persistence, concentration, or pace to timely and appropriately complete job duties. She may not work in fast paced production rates or strict hourly quota requirements but can met end of the day requirements." (R. 22.)

At Step Four, the ALJ found that Plaintiff had no past relevant work. (R. 33.) At Step Five the ALJ found that there were a significant number of jobs in the national economy that Plaintiff could perform, such as cleaner – lab equipment, cleaner II, and dishwasher. *Id.* Accordingly, the ALJ concluded that Plaintiff was not disabled. (R. 34.)

**III. Legal Standard**

Under the Social Security Act, a person is disabled if he has an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(a).

To determine whether a claimant is disabled, the ALJ considers the following five "steps" in order: (1) Is the claimant engaging in substantial gainful activity? (2) Does the plaintiff have a severe impairment or combination of impairments? (3) Does the claimant's impairment(s) meet or medically equal one of the impairments listed in the regulations? (4) Is the claimant able to perform his past relevant work? and (5) Is the claimant able to adjust to any other work? 20 C.F.R. § 404.1520(a)(4). Between Steps Three and Four, the ALJ determines the claimant's RFC, which is defined as the most a claimant can do despite his or her limitations. 20 C.F.R. § 404.1545(a)(1).

If the claimant is engaging in substantial gainful activity under Step One, does not have an impairment or combination of impairments as described at Step Two, can perform past relevant work under Step Four, or can adjust to other work under Step Five, then the claimant is not disabled. *See* 20 C.F.R. §§ 404.1520(a)(4)(i), (ii), (iv), (v). If the claimant has an impairment that meets or equals the requirements of Step Three or is incapable of adjusting to other work under Step Five, then the claimant is disabled. *See* 20 C.F.R. §§ 404.1520(a)(4)(iii),(v). The claimant has the burden of proof at Steps One through Four. *Mandrell v. Kijakazi*, 25 F.4th 514, 516 (7th Cir. 2022). At Step Five, the burden shifts to the Commissioner. *Id.*

The Court does not "merely rubber stamp the ALJ's decision on judicial review." *Prill v. Kijakazi*, 23 F.4th 738, 746 (7th Cir. 2022). An ALJ's decision will be affirmed if it is supported by "substantial evidence," which means "such relevant evidence as a

reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019). "[T]he threshold for such evidentiary sufficiency is not high." *Id*. As the Seventh Circuit stated, ALJs are "subject to only the most minimal of articulation requirements" and "need not address every piece or category of evidence identified by a claimant, fully summarize the record, or cite support for every proposition or chain of reasoning." *Warnell v. O'Malley*, 97 F.4th 1050, 1053 (7th Cir. 2024).

"All we require is that ALJs provide an explanation for how the evidence leads to their conclusions that is sufficient to allow us, as a reviewing court, to assess the validity of the agency's ultimate findings and afford the appellant meaningful judicial review." *Id*. at 1054. The Seventh Circuit added that "[a]t times, we have put this in the shorthand terms of saying an ALJ needs to provide a 'logical bridge from the evidence to his conclusion.'" *Id*. (citation omitted). The Seventh Circuit has further clarified that district courts, on review of ALJ decisions in Social Security appeals, are subject to a similar minimal articulation requirement: "A district (or magistrate) judge need only supply the parties . . . with enough information to follow the material reasoning underpinning a decision." *Morales v. O'Malley*, 103 F.4th 469, 471 (7th Cir. 2024). The district court's review of the ALJ's opinion "will not reweigh the evidence, resolve debatable evidentiary conflicts, determine credibility, or substitute its judgment for the ALJ's determination." *Chavez v. O'Malley*, 96 F.4th 1016, 1021 (7th Cir. 2024) (internal quotations omitted).

## IV. Analysis

Plaintiff offers three reasons for remand: (1) the ALJ's rejection of the state agency doctors' opinions limiting Plaintiff to one- and two-step tasks is not supported by substantial evidence; (2) the ALJ failed to account for Plaintiff's migraines in the RFC; and (3) the ALJ did not support with substantial evidence his rejection of the opinion of Plaintiff's treating doctor. After considering the parties' briefs, the Court finds that the ALJ erred in his consideration of the state agency opinions of Plaintiff's mental limitations. Therefore, the ALJ's determination of Plaintiff's mental RFC is not supported by substantial evidence. Because we are remanding on that issue, the Court does not reach Plaintiff's other arguments.

State agency doctors Howard Tin, Psy.D. (initial), and Megan DiFonso, Psy.D. (reconsideration), considered Plaintiff's anxiety and PTSD and opined that she had moderate limitations in concentration, persistence, and pace. (R. 75.) In their opinions, both doctors agreed Plaintiff had difficulty carrying out detailed instructions and maintaining attention and concentration for extended periods but was able to carry out short and simple instructions. (R. 79-80, 91-92.) As relevant here, both doctors also opined that Plaintiff was capable of performing one- and two-step tasks. *Id.* The ALJ found the state agency opinions to be generally persuasive, adopting the limitation to simple work but specifically rejecting the limitation to one- and two-step tasks. (R. 31.) The ALJ disagreed with that limitation for two reasons: the state agency did not define

what a "step" is, and Plaintiff was able to drive, which the ALJ noted requires more than two steps. (*Id.*)

A. The ALJ's Evaluation of the State Agency Opinions was Erroneous

An ALJ is required to "evaluate the persuasiveness of each medical opinion based on certain factors: (1) supportability; (2) consistency; (3) the medical source's relationship with the claimant; (4) specialization; and (5) other factors, including the source's familiarity with other evidence in the claim or an understanding of Social Security disability policies and requirements." *Michelle D. v. Kijakazi*, No. 21 C 1561, 2022 WL 972280, at *4 (N.D. Ill. Mar. 31, 2022). *See also* 20 C.F.R. § 416.920c(c)(1)-(5). An ALJ must explain how he considered the first two factors (supportability and consistency) but is not required to explain her consideration of the other factors. 20 C.F.R. § 416.920c(b)(2). "Supportability measures how much the objective medical evidence and supporting explanations presented by a medical source support the opinion." *Michelle D.*, 2022 WL 972280, at *4; 20 C.F.R. § 416.920c(c)(1). "Consistency assesses how a medical opinion squares with other evidence in the record." *Id*. *See also* 20 C.F.R. § 416.920c(c)(2).

When rejecting the opinions' one- and two-step limitation, the ALJ did not mention supportability or consistency at all. (R. 31.) This failure on its own is enough to support remand. *See Bakke v. Kijakazi*, 62 F.4th 1061, 1067 (7th Cir. 2023) ("Section 404.1520c(c) requires ALJs to explicitly explain why particular medical opinions are

consistent with the record as a whole."). The explanation must build a logical bridge from the evidence to the conclusion and be sufficient to permit meaningful judicial review. *See Warnell*, 97 F.4th at 1054. It is not enough to label an opinion "unsupported" or "inconsistent" without explaining why, nor may the ALJ rely on a selective discussion of the record. 20 C.F.R. § 404.1520c(b)(2); *see Bakke*, 62 F.4th at 1067. *See also* Social Security Ruling 96-8p, 1996 WL 374184, at *7 ("If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted."). In this case, the ALJ did even less; he did not mention supportability or consistency at all. This error compels remand.

B. The ALJ's Reasons for Rejecting the One- and Two-Step Task Limitation are not Supported by Substantial Evidence

There are additional problems with the ALJ's evaluation of the medical opinions. Although the ALJ here provided two reasons for rejecting the one and two step task limitation, the explanations are not supported by substantial evidence. *See Jarnutowski*, 48 F.4th. 769, 774 (7th Cir. 2022) ("[A]n ALJ's RFC analysis must say enough to enable review of whether the ALJ considered the totality of a claimant's limitations.") In this case, both reasons the ALJ offered are faulty.

This is not the first time this Court has addressed an ALJ's rejection of a one- and two-step limitation because the state agency did not define what a "step" is. *See, Angel H. v. O'Malley*, No. 22 C 50321, 2024 WL 5239440, at *4–6 (N.D. Ill. Dec. 27, 2024) (McNally, J.) For the same reasons, we find the ALJ's reasoning lacking. As we

explained in *Angel H,* in the Social Security context, the phrase "one-to-two step tasks"[4] is not vague. *Id.; see also, Leon A. v. Kijakazi*, No. 20-CV-939, 2022 WL 3226822, at *5 (N.D. Ill. Aug. 10, 2022). Indeed, it functions as a term of art in the Social Security context. *Schlattman v. Colvin*, No. 12 C 10422, 2014 WL 185009, at *7 (N.D. Ill. Jan. 14, 2014); *Tincher*, 2018 WL 472447, at *6.

For example, the Department of Labor's Dictionary of Occupational Titles ("DOT") defines a Reasoning Development Level of 1 as the ability to "[a]pply commonsense understanding to carry out simple *one- or two-step instructions*," 1991 WL 688702 (emphasis added). Courts in this district have repeatedly interpreted a restriction to one and two steps to limit a claimant to Level 1 Reasoning jobs. *See, e.g., Brad H. v. Kijakazi*, No. 19-cv-7890, 2022 WL 4448818, at *3 (N.D. Ill. Sept. 23, 2022); *Deborah B. v. Kijakazi*, No. 20-cv-7729, 2022 WL 1292249, at *2 (N.D. Ill. Apr. 29, 2022); *Wyatt v. Colvin*, 14-cv-3252, 2015 WL 3919058, at *8 (N.D. Ill. June 24, 2015); *Schlattman*, 2014 WL 185009, at *7; *Wiszowaty v. Astrue*, 861 F.Supp.2d 924, 947 (N.D. Ind. 2012). Comparatively, a restriction only to "simple work" could include jobs with a Reasoning Level of 2 or higher. *See, e.g., Deborah B.*, 2022 WL 1292249, at *2. *Kevin W. v. Kijakazi*, No. 20-CV-6557, 2023 WL 35178, at *4 (N.D. Ill. Jan. 4, 2023).

[4] The state agency doctors used the phrase "one and two step tasks," which the Court finds is functionally the same as the regulations' use of "one-to-two step tasks."

By rejecting the one- and two-step limitation but retaining the limitation to simple tasks, the ALJ crafted a mental RFC that allowed Plaintiff to perform Reasoning Level 2 jobs. All three of the jobs identified by the vocational expert as available to Plaintiff are categorized as Reasoning Level 2.[5] If Plaintiff were limited to one- and two-step jobs, she would be unable to perform any of the jobs the VE offered. Because the ALJ's rejection of the one- and two-step limitation is not supported by substantial evidence, neither is the mental RFC.

The ALJ's only other reason for rejecting the one- and two-step limitation was that Plaintiff was also able to drive. (R. 31.) It is true Plaintiff testified that she drove three to four times per week to appointments or the pharmacy, but she also testified that her son drove her sometimes instead. (R. 45-46.) Given this scanty record, the Court cannot trace the ALJ's logic as to how an acknowledgement that Plaintiff could drive, and apparently did drive on some occasions, translates into Plaintiff's ability to concentrate and persist on a sustained basis, including, for example, during an eight-hour workday. *See Rodney J. M. v. O'Malley*, No. 3:23-CV-50236, 2024 WL 3888867, at *4 (N.D. Ill. Aug. 21, 2024) (remanding because it was unclear how Plaintiff's ability to

[5] *See*, *www.occupationalinfo.org/91/919687014.html* (Cleaner II), *www.occupationalinfo.org/38/381687022.html* (Cleaner, Laboratory Equipment), www.occupationalinfo.org/31/318687010.html (Kitchen Helper/Dishwasher) *visited on* June 2, 2026.

drive five times per month or twenty minutes three to five times per week supported rejection of one-to-two step task limitation).

The question as to whether a claimant's ability to drive can defeat a one-to-two step limitation necessarily requires a careful analysis of the record as a whole. *See, e.g., Christopher R. v. Kijakazi*, No. 21-cv-500, 2023 WL 5017942, at *5 (N.D. Ill. Aug. 7, 2023) (holding that "[t]he ALJ adequately explained why she rejected the state agency consultant's finding" where claimant "testified and submitted records indicating that he can drive for more than 30 minutes, and the ALJ explained that driving is an activity consisting of far more than two steps as it entails 'follow[ing] the safety rules of the road, follow[ing] traffic signals and stop signs, maintain[ing] control of the car, navigat[ing] intersections safely, and us[ing] appropriate speed'"); *Lissette B. v. Kijakazi*, No. 20-cv-7685, 2023 WL 2572431, at *2-3 (N.D. Ill. Mar. 20, 2023) ("Although [ALJ] suggested that [claimant's] daily activities, such as driving, using electronic devices to shop and communicate, and caring for family, conflicted with the ability to perform only one-to-two step tasks, she did not explain why that was so."); *Fatime I. v. Kijakazi*, No. 20-cv-3603, 2022 WL 4605081, at *4 (N.D. Ill. Sept. 30, 2022) (explaining that ALJ insufficiently supported rejection of one-to-two-step task limitation by merely referencing claimant's ability to drive and brush teeth); *Michael S. v. Saul*, No. 19-cv-4033, 2020 WL 4052903, at *5 (N.D. Ill. July 20, 2020) (explaining that, to reject limitation

to one-to-two-step tasks, "[i]It is not enough to simply state that the tasks above [including driving] require more than one-to-two steps");.

Here, the ALJ's analysis-free statement that an ability to drive necessarily defeats a one- and two-step task limitation does not constitute the required substantial evidence for rejecting the medical opinions. That determination, combined with the other errors described above, compels remand.

## CONCLUSION

For the foregoing reasons, the Court grants Plaintiff's motion for summary judgment seeking to reverse and remand the ALJ's decision (Dkt. 15) and denies Defendant's motion for summary judgment. (Dkt. 19).

**SO ORDERED.**

**ENTER:**

Laura K. McNally

**LAURA K. MCNALLY**
**United States Magistrate Judge**

**DATED: August 10, 2026**